UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA,

                Plaintiff,                  MEMORANDUM & ORDER
                                                      15-CR-102
                                                      19-CV-2234

      v.

LUIS RAFAEL BERMEO ROMERO,

                Defendant.

------------------------------------------------------------x
GLASSER, Senior United States District Judge:

       Pending before the Court in the above-captioned action is pro se petitioner Luis Rafael Bermeo Romero's ("Romero") motion for relief under 28 U.S.C. § 2255. His petition was filed on April 2, 2019, in light of the Supreme Court's decision in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), which held that the "crime of violence" definition expressed in 18 U.S.C. 16(b) is unconstitutionally vague. For the reasons explained below, his petition is **DENIED**.

## BACKGROUND

       On March 11, 2015, Romero was charged pursuant to a six-count indictment in connection with a string of armed robberies in Queens that took place over the course of two years. (ECF No. 10). While committing those robberies, he brandished firearms at the guards of the armored trucks he was robbing. (*Id.*). On September 9, 2015, he pleaded guilty to counts two and three of the indictment, Hobbs Act Robbery and Unlawful Use of a Firearm, respectively. (Exhibit A).

       On January 19, 2016, the Court sentenced Romero to a total of 120 months' imprisonment; 36 months were attributed to the Hobbs Act Robbery and 84 months were attributed to the Unlawful Use of a Firearm, which was the mandatory minimum for that count. (Exhibit B). Other

1

than a potential ineffective assistance of counsel claim, Romero's plea agreement barred him from collaterally attacking his sentence if it was below 192 months' imprisonment. (Exhibit C ¶ 5). On April 2, 2019, Romero filed this petition.

**LEGAL STANDARD**

Under § 2255, a prisoner in custody under a federal conviction may move the sentencing court to vacate, set aside, or correct the sentence on the grounds that the sentence (i) was imposed in violation of the Constitution or the laws of the United States; (ii) was entered by a court without jurisdiction to impose such a sentence; (iii) exceeded the maximum sentence authorized by law; or (iv) is otherwise subject to collateral attack. 28 U.S.C. § 2255. The petitioner in a § 2255 proceeding bears the burden of proving a ground for relief by a preponderance of the evidence. *Feliz v. United States*, Nos. 01-CV-5544, 00-CR-53 (JFK), 2002 WL 1964347, at *4 (S.D.N.Y. Aug. 22, 2002) (citing *Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000); *Harned v. Henderson*, 588 F.2d 12, 22 (2d Cir. 1978)). However, a petitioner proceeding pro se is entitled to a liberal construction of his petition, "which should be read 'to raise the strongest arguments [it] suggest[s].'" *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)). In ruling on a § 2255 petition, the district court is required to hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

**DISCUSSION**

Romero argues that his conviction pursuant to count three should be vacated in light of the Supreme Court's decision in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), which relied on the Court's earlier decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal

Act ("ACCA") violates the Due Process Clause. 135 S. Ct. 2551 (2015). The ACCA's residual clause is the catch-all clause at the end of the definition of "violent felony," which is emphasized below:

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, ***or otherwise involves conduct that presents a serious potential risk of physical injury to another***.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The Court held that the residual clause is unconstitutionally vague and that "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Johnson*, 135 S. Ct. at 2557. One year later, in *Welch* v. *United States*, the Supreme Court held that the *Johnson* rule applies retroactively on collateral review. 136 S. Ct. 1257 (2016).

In *Sessions* v. *Dimaya,* the Supreme Court applied the logic of *Johnson* to the criminal code's definition of "crime of violence" and held that its residual clause is also impermissibly vague in violation of the Due Process Clause. 138 S. Ct. 1204 (2018). Section 16 of title 18 provides a two-part definition of "crime of violence":

> The term "crime of violence" means—
>
> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> ***(b)*** any other offense that is a felony and that, by its nature, ***involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.***

18 U.S.C. § 16 (emphasis added). The first part of the definition is known as the "elements clause"; the second part is the "residual clause." *See Dimaya*, 138 S. Ct. at 1211. A straightforward

3

application of *Johnson* led the Court in *Dimaya* to conclude that the residual clause is just as unconstitutionally vague as the ACCA's residual clause, to which it is substantially identical. *See id.* at 1213-16.

Since the Supreme Court's decision in *Dimaya*, petitioners, such as Romero, have sought to apply its reasoning to other criminal statutes, including 18 U.S.C. § 924(c), which imposes a mandatory sentence for a defendant who uses or carries a firearm "during and in relation to any crime of violence . . . ." A "crime of violence" under that section is defined as follows:

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, ***involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.***

18 U.S.C. § 924(c)(3) (emphasis added).[1] Section 924(c)'s residual clause, which Romero claims is unconstitutionally vague, is emphasized above. In considering *Johnson*, *Dimaya*, and now the Supreme Court's most recent decision in *United States v. Davis*, 139 S.Ct. 2319 (2019), it necessarily follows that Romero is correct that the residual clause is unconstitutionally vague. However, his argument that as a result, his conviction pursuant to count three should be vacated, must fail.

In addition to pleading guilty to Unlawful Use of a Firearm, Romero pleaded guilty to Hobbs Act Robbery, which is categorically a "crime of violence" under Section 924(c)'s elements clause, enumerated in subsection (A) above, because a Hobbs Act Robbery includes "the unlawful

---

[1] The only difference between the definitions of "crime of violence" in § 16 and § 924(c)(3) is that, in the latter section, the elements clause includes a requirement that the crime be a felony.

taking or obtaining of personal property . . . by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." *United States v. Hill*, 890 F.3d 51, 56, 60 (2d Cir. 2018) (citing 18 U.S.C. 1951(b)(1)). Accordingly, Romero's conviction in connection with the Unlawful Use of a Firearm invoked only Section 924(c)'s elements clause, not its residual clause, and therefore the Supreme Court's decision in *Dimaya* does not apply to his conviction. In any event, even if *Dimaya* did apply, Romero waived his right to collateral review of his conviction in his plea agreement.

## CONCLUSION

Accordingly, for the reasons set forth above, Romero's petition pursuant to 28 U.S.C. § 2255 is **DENIED**.

SO ORDERED.

Dated:      Brooklyn, New York
            July 22, 2019

/s_____
I. Leo Glasser